U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN - 4 2015

CLERK, U.S. DISTRICT COURT
By _____
     Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARIO VIVEROS-HERNANDEZ, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-215-A |
| | § | (NO. 4:13-CR-104-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Mario Viveros Hernandez ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, and pertinent parts of the record in Case No. 4:13-CR-104-A, styled "United States of America v. Fermin Vargas-Valencia, et al.," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On June 13, 2013, movant was named, along with another defendant, in a one count superseding information charging him in count one with conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. The

alleged conspiracy was to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). ECF 29.[1] The statutory range of imprisonment for the charged offense of count I was zero to twenty years.

Todd Durden was appointed to represent movant, and he continued to represent him through sentencing and on direct appeal.

On June 26, 2013, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the PSR was prepared; the court could impose a sentence more severe that the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of

---

[1]The reference is to the document number of the superseding information in the court's electronic case filing ("ECF") information in No. 4:13-CR-104-A.

2

everything in it and the stipulated facts were true and accurate. ECF 103, tr. of rearraignment hearing.

The pretrial officer prepared a presentence report that indicated that movant's base offense level was 30 because he was accountable for 453.6 grams of methamphetamine. PSR ¶ 33. After an enhancement for importing drugs from Mexico and a reduction for acceptance of responsibility, his total offense level was 29. Id. at ¶ 43. Combined with a criminal history category of I, movant's resulting guideline range was 87 to 108 months. Id. at ¶74. In response to movant's objections, the pretrial officer prepared an addendum to the PSR. Then, upon receipt of further lab results, she submitted a second addendum.

When movant appeared for sentencing on November 8, 2013, the court determined that it did not have the lab report on the drugs movant possessed on the day of his arrest and continued the hearing so that full information could be obtained. ECF 100, at 12-13. On November 18, 2013, the probation officer filed a third addendum to the presentence report, which reflected that movant had possessed 601.4 net grams of methamphetamine hydrochloride with a purity of 97.8 percent. This equated to 588.1 grams of methamphetamine actual that he had transported as part of the conspiracy. Thus, movant's base offense level increased and his guideline range became 168-210 months.

3

Sentencing took place on December 19, 2013. ECF 101. Movant was sentenced to a term of imprisonment of 168 months, the bottom of the advisory range. His sentence was affirmed on appeal. United States v. Viveros-Hernandez, 578 F. App'x 467 (5th Cir. 2014).

## II.

### Grounds of the Motion

Movant urges two grounds in support of his motion, worded as follows:

> **GROUND ONE:** Ineffective Assistance of Counsel
> Counsel was ineffective (1) when he advised defendant to plea guilty based on misinformation and evidence-in-chief that the government could not and did not charge him with; (2) based on his inept and defective representation a conflict of interest arose depriving defendant of his Six Amendment right to have assistance of counsel for his defense.

ECF 122 at 5.

> **GROUND TWO:** Ineffective assistance of appellate counsel on direct appeal.
> Appellate counsel suffered from a conflict of interest that arose at the district court level, and based on this conflict of interest, he could and would not raise issues that were based on his own malfeasance and dereliction of his duties, including raising the issue that defendant entered a plea of guilty based on him erroneously advising defendant, and therefore said plea was not entered in a knowing and voluntary manner; that the district court erred in not inquiring into the conflict, and advising defendant of his right to conflict-free representation.

ECF 122 at 6.

The motion is accompanied by a 57 page memorandum in which movant elaborates on the bases for the grounds of relief.

III.

Standards of Review

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge her conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for her procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if

5

issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.   Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. ___, 131 S. Ct. 1388, 1403 (2011)

(quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

IV.

Analysis

Movant's first ground asserts that his plea was based on misinformation and defective representation. The record belies these allegations. As recited above, the court reviewed with movant that his sentencing would be based on the actual facts and that he would be bound by his plea. Movant acknowledged under oath that he understood that the guideline range could not be calculated until preparation of the PSR, that the sentence could be more severe or less severe than the recommended guideline range, and that movant faced a maximum twenty year term of imprisonment, among other things.

Movant has failed to present the court with anything that would cause the court to conclude that any aspect of his first ground has the slightest merit. For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the

alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitness to the promise." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." Id.. "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." Id. See also United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985). Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). Movant has failed to provide any independent evidence in support of any of his contentions that are at variance with the statements he made, or the answers he gave, while under oath at the rearraignment hearing.

To whatever extent movant might be suggesting that his attorney made any representation or promise to him as to the level of imprisonment that might be imposed on him, the testimony given by movant at his rearraignment hearing is direct proof that no such thing occurred.

8

Movant's second ground, ineffective assistance of counsel on appeal, depends on his first ground and is thus without merit. There was no ineffective assistance of counsel with regard to the plea; therefore, there cannot have been any error in failing to raise such ground on appeal. Instead, counsel raised every plausible ground for relief on appeal and movant's conviction and sentence were affirmed. 578 F. App'x 467. In particular, movant's offense level was based on "accurate and complete drug quantity information." Id. at 468. Any contention that it was not is simply unfounded.[2]

In sum, there is no evidence that had his counsel done anything differently, the outcome of movant's case would have been any different. His complaints relative to his counsel lack merit.

---

[2] In particular, the court notes that the criminal complaint reflects that movant delivered a bag containing 625.8 grams of ice. ECF 1 at 9, ¶ 31.

9

V.

Order

The court ORDERS that all relief sought by movant in his motion under 29 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2255(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED June 4, 2015.

_____
JOHN McBRYDE
United States District Judge